12-3064
Dai v. Holder

BIA
Videla, IJ
A087 568 563
A087 568 564

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand fourteen.

PRESENT:
>    JOHN M. WALKER, JR.,
>    RAYMOND J. LOHIER, JR.,
>    CHRISTOPHER F. DRONEY,
>        *Circuit Judges.*

_____

JIAN FEI DAI, BIA YAO ZHANG
>    *Petitioners,*

>    v.                                    12-3064
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONERS:      David X. Feng, New York, New York.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director, Claire L. Workman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jian Fei Dai and Bao Yao Zhang, natives and citizens of China, seek review of a July 9, 2012, decision of the BIA affirming a May 11, 2011, decision of Immigration Judge ("IJ") Gabriel C. Videla, denying Dai's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jian Fei Dai,Bao Yao Zhang,* Nos. A087 568 563/564 (B.I.A. July 9, 2012), *aff'g* Nos. A087 568 563/564 (Immig. Ct. N.Y. City May 11, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, the IJ's finding that the asylum application was untimely is not before us. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

For applications like this one, governed by the REAL ID Act of 2005, the agency may base a credibility finding on an

asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

In finding Dai not credible, the IJ reasonably relied on the implausibility of her testimony regarding her travel to the United States, and from Texas to New York. Dai testified that she traveled through several countries before arriving in the United States and, during these stops, she handed her passport to border officials; however, her passport bore no stamps from any country other than China. Dai's contention that the IJ ignored her explanation that she had used another passport when she traveled is unsupported by the record, as Dai repeatedly testified that the passport she presented to the court was the same passport she had used to travel to this country.

Moreover, the agency reasonably found implausible Dai's testimony that she left Houston in the afternoon, traveling by car, and arrived in New York at six or seven o'clock the

next morning. The agency was not required to credit her explanation that her testimony was mistaken because she is uneducated and could not remember the details of her trip. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so). Thus, as the IJ's findings are "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," the inherent implausibility finding will not be disturbed. *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2009).

The agency also reasonably relied on the inconsistences between Dai and Zhang's testimony as to how much they paid to come to the United States, and whether Dai arrived in New York in the early morning or the afternoon. They have not reconciled this testimony or presented any compelling explanation for the inconsistencies. *See Majidi*, 430 F.3d at 80-81. Although Petitioners argue that these inconsistencies did not go to the heart of Dai's claim, under the REAL ID Act, the agency may base an adverse credibility determination on testimonial inconsistencies,

4

regardless of whether they go to the heart of an applicant's claim. *See* 8 U.S.C. 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 (finding that, under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (emphasis in original)).

Having found Dai not credible, the agency reasonably noted that her failure to provide corroborative evidence further undermined her credibility. An applicant's failure to corroborate her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Here, although Dai submitted abortion and sterilization certificates, the IJ did not abuse his discretion in finding these documents to be unreliable because they misstated Dai's age. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence lies largely within the

5

discretion of the agency).  The age discrepancy was especially relevant given that Dai testified that she was forced to have an abortion because she was under the age of 22 – the minimum age to be married –  but the abortion certificate listed her age as 23.

Likewise, although Dai presented medical documentation indicating that she had been sterilized, it was within the agency's discretion to accord these documents little weight, given her varying testimony as to whether the doctor was a man or a woman, and how many times she visited the doctor's office.

Given the inconsistent and implausible testimony, as well as the lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  Having reasonably found that Dai failed to establish eligibility for asylum on credibility grounds, the agency did not err in denying withholding of removal and relief under the CAT, as these claims shared the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk